IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:22-CV-00229-KDB-DCK

| | |
|---|---|
| INDUSTRIAL TIMBER, LLC, | |
| Plaintiffs, | |
| v. | **ORDER** |
| JACKSON FURNITURE INDUSTRIES, INC., | |
| Defendants. | |

**THIS MATTER** is before the Court on Plaintiff Industrial Timber, LLC's ("Timber") Partial Motion to Dismiss Defendant Jackson Furniture Industries, Inc.'s ("Jackson") amended counterclaims for violation of the North Carolina Unfair and Deceptive Practices Act, breach of fiduciary duty and fraud (Doc. No. 15). The Court has carefully considered this motion, the parties' written arguments and the relevant pleadings. Timber claims in this action that Jackson has not fully paid for furniture frames that Timber manufactured and sold to Jackson. In response, Jackson alleges that Timber incorrectly calculated the parties' agreed pricing formula so that Timber's invoices overcharged Jackson.

Thus, this is fundamentally a contract dispute among a manufacturing vendor and its customer, which Jackson cannot transform into an "unfair trade practice," "breach of fiduciary duty" or "fraud" absent allegations of truly aggravated conduct which are not alleged here. While it sometimes appears to the Court that counsel believe that every commercial action under North Carolina law must include a statutory unfair trade practices or tort claim, the law is clearly

1

otherwise. Timber's motion will be granted, and both parties will be given a full and fair opportunity to prove their respective claims of breach of contract, nothing more but nothing less.

## I. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012). A complaint must only contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* In evaluating whether a claim is sufficiently stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, ... bare assertions devoid of further factual enhancement[,] ... unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). Further, a court is not bound to "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002); *see also Miller v. Pacific Shore Funding*, 224 F.Supp.2d 977, 984 n.1 (D. Md. 2002) ("When the bare allegations of the complaint conflict with any exhibits or documents, whether attached or adopted by reference, the exhibits or documents prevail") (citing *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1465 (4th Cir. 1991)); *Sec'y of State for Defense v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007). Thus, a motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

2

## II. FACTS AND PROCEDURAL HISTORY

This action arises from a contract between Industrial Timber and Jackson Furniture under which Timber manufactured and sold wooden furniture frames to Jackson. (Doc. 1 ¶¶ 9-11; Doc. 6 ¶¶ 9-11.) On May 20, 2022, Timber filed this lawsuit alleging a breach of contract claim for Jackson's failure to pay invoices in the principal amount of $1,839,472.74. (Doc. 1 ¶ 20.) The price of the furniture frames was calculated using a pricing formula to account for fluctuations in the cost of lumber and other materials. (Doc. 1, ¶ 11; Doc. 6, ¶ 11, Doc. 10, ¶ 4.)

Jackson timely filed its Answer and Counterclaim denying the Complaint's allegations that it owed Timber any money for the unpaid invoices. (Doc. 6.) Jackson then filed an Amended Counterclaim alleging two counterclaims, breach of contract and unfair and deceptive trade practices. (Doc. 10, ¶¶ 22-40.) Jackson describes its second counterclaim as a claim "for Unfair and Deceptive Trade Practices ("UDTP") based on Timber's fiduciary duties *to correctly calculate and invoice the pricing formula per the contract* …." (Doc. No. 19 at 1) (emphasis added). More specifically, Jackson contends that the "crux of the matter" is that that "Industrial Timber was to mark up the Base Price based on Industrial Timber's actual costs of Plywood and Oriented Strand Board (OSB) (Doc. 10, ¶ 4) and that 'Jackson Furniture reposed a special confidence in Industrial Timber to make the surcharge calculations correctly' (Doc. 10, ¶6) and that 'Industrial Timber was aware of its superior position in making the calculations under the Pricing Formula and contract' (Doc. 10, ¶ 7).”

Allegedly, Timber applied the surcharge formula to the entire frame price, including overhead, administrative costs and profit, instead of just the Plywood and OSB components, resulting in a claimed contractual overcharge of at least $3,513,594. Notably, Jackson alleges that, in late 2021 and early 2022, it discovered the overcharges by analyzing Timber's invoices. (Doc.

3

10, ¶ 8.) Jackson alleges that Timber's conduct in in sending the invoices was "to deceive Jackson Furniture unfairly and deceptively into over-paying invoices…" (Doc. 10, ¶ 33.) Finally, Jackson alleges that Timber admitted to the overcharges after Jackson complained about them, but later reneged on an agreement to offset the overcharges against on-going orders and then filed this suit without the offsets for the overcharges. (Doc 10, ¶ 16).

In its present motion, Timber acknowledges that it must defend Jackson's breach of contract counterclaim on the merits, but seeks to dismiss Jackson's UDTP counterclaim as a matter of law.

### III. DISCUSSION

North Carolina's Unfair and Deceptive Practices Act, N.C. Gen. Stat. § 75-1.1, et seq., "makes unlawful unfair or deceptive acts or practices in or affecting commerce that proximately injures a plaintiff." *Duke Energy Carolinas, LLC v. NTE Carolinas II, LLC*, No. 319CV00515KDBDSC, 2022 WL 2293908, at *18 (W.D.N.C. June 24, 2022). For Defendant to prevail on its UDTP counterclaim it must show that "(1) [Industrial Timber] committed an unfair or deceptive trade practice, (2) the act or practice in question was in or affecting commerce; and (3) the act or practice proximately caused injury to the plaintiff." *Elsayed v. Family Fare LLC*, 2020 WL 4586788 at *14 (M.D.N.C. Aug. 10, 2020).

A trade practice is unfair "when it offends established public policy or is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers," and deceptive "if it has the capacity or tendency to deceive...." *Marshall v. Miller*, 302 N.C. 539, 548, 276 S.E.2d 397, 403 (1981). Commerce is defined as "all business activities." N.C. Gen. Stat. N.C. Gen. Stat. § 75-1.1(b). North Carolina courts have interpreted business activities broadly. *See Bhatti v. Buckland*, 328 N.C. 240, 400 S.E.2d 440, 444 (N.C. 1991). Business activities is defined as "the manner in

4

which businesses conduct their regular, day-today activities, or affairs, such as the purchase and sale of goods, or whatever other activities the business regularly engages in and for which it is organized." *Sara Lee Corp. v. Carter*, 351 N.C. 27, 519 S.E.2d 308, 311 (N.C. 1999).

Our courts have often been called upon to apply these principles to UDTP claims arising out of contractual disputes, including Jackson's UDTP claim here related to Timber's alleged breach of the parties' contract. Indeed, a UDTP count is included as a boilerplate claim in most all commercial disputes because proof of unfair and deceptive trade practices entitles a plaintiff to treble damages and the possibility of an award of attorneys' fees. *See Allied Distributors, Inc. v. Latrobe Brewing Co.*, 847 F. Supp. 376, 379 (E.D.N.C. 1993). To discourage this tendency, and to reign in the "extraordinary damages authorized by the UDTPA, North Carolina courts have repeatedly held that a 'breach of contract, even if intentional, is not sufficiently unfair or deceptive to sustain an action under [the UDTPA,] N.C.G.S. § 75–1.1.'" *Broussard v. Meineke Disc. Muffler Shops, Inc.*, 155 F.3d 331, 347 (4th Cir. 1998) (quoting *Branch Banking & Trust Co. v. Thompson*, 107 N.C.App. 53, 418 S.E.2d 694, 700 (1992)). Instead, a plaintiff must show "substantial aggravating circumstances attending the breach." *Id*; *Lowe's Companies, Inc. v. Ferrandino & Son*, Inc., No. 522CV00033KDBDCK, 2022 WL 2921137, at *2–3 (W.D.N.C. July 25, 2022); *CS Tech., Inc. v. Horizon River Tech., LLC*, 3:18-cv-00273, 2020 WL 4546436 at *8 (W.D.N.C. Aug. 6, 2020) (holding that improper invoicing did not support fraud or negligent misrepresentation claims, and that tort claims were inappropriate because the invoice dispute was "not extracontractual at all").

Thus, the question before the Court is whether Jackson has sufficiently pled "substantial aggravating circumstances" to proceed with its UDTP claim. It argues that it has alleged substantial aggravating circumstances because Timber allegedly breached its "fiduciary duty" to "correctly

5

calculate and invoice the pricing formula per the contract" based on its "superior" information related to the cost of its materials.[1] Even putting aside Jackson's own allegations that the alleged overcharge related to marking up administrative costs and overhead rather than materials and that it was able to discover the claimed overcharge simply by reviewing the invoices, a fundamental flaw in Jackson's claim is that Timber and Jackson had a commercial vendor / customer relationship based on a contractual agreement, not a fiduciary relationship.

Simply put, a company that agrees to use a contractual pricing formula to calculate an invoice does not create a fiduciary obligation (regardless of whether it does so correctly). *See Broussard v. Meineke Discount Muffler Shops, Inc.*, 155 F.3d 331, 347 (4th Cir. 1998) ("parties to a contract do not thereby become each other's fiduciaries; they generally owe no special duty to one another beyond the terms of the contract and the duties set forth in the [Uniform Commercial Code]"); *Tin Originals, Inc. v. Colonial Tin Works, Inc.*, 98 N.C. App. 663, 665-66, 391 S.E.2d 831, 832-33 (1990) (affirming directed verdict on breach of fiduciary duty claim); *Sara Lee Corp. v. Quality Mfg.*, 201 F. Supp. 2d 608, 616-17 (E.D.N.C. 2002) (dismissing a breach of fiduciary duty claim and holding no such duty existed between the contracting parties); *Willis v. Tritle*, 1:17-cv-00345, 2019 WL 3072707, *7 (W.D.N.C. July 12, 2019) (dismissing a fiduciary duty claim where conclusory allegations of special confidence and fiduciary relationship were insufficient).

---

[1] While not explicitly asserting a fraud counterclaim, Jackson Furniture's amended counterclaim alleges that Industrial Timber's invoices constituted "a false representation, invoicing under false pretenses, or actual fraud." (Doc. 10, ¶ 15.) In order to plead a valid fraud claim, "when the party relying on the false or misleading representation could have discovered the truth upon inquiry, the complaint must allege that he was denied the opportunity to investigate or that he could not have learned the true facts by exercise of reasonable diligence." *See, e.g., Cobb v. Pennsylvania Life Ins. Co.*, 215 N.C. App. 268, 276, 715 S.E.2d 541, 549 (2011). Here, Jackson Furniture not only fails to allege that it was denied the opportunity to investigate, Jackson Furniture's Amended Counterclaim concedes that the alleged fraud was discovered by simply looking at the invoices.

Timber contracted to sell Jackson furniture frames at an agreed formula price. Whether or not the invoiced price was correct or fully paid is plainly a question of contract law not fiduciary law. Therefore, the Court finds that Defendant has, as a matter of law, failed to allege the existence of a fiduciary duty or relationship sufficient to support its UDTP claim. *See Yelverton v. Edmundson*, No. 5:15-CV-134-F, 2017 WL 9478516, at *9 (E.D.N.C. Feb. 21, 2017), *report and recommendation adopted*, No. 5:15-CV-00134-F, 2017 WL 1192177 (E.D.N.C. Mar. 30, 2017) (when a plaintiff's "UDTP claim is grounded in Defendant's alleged breach of fiduciary duties," a failure to sufficiently allege a fiduciary relationship is fatal to both claims).

In sum, the Court cannot find sufficient aggravating circumstances based merely on the allegation that Timber prepared incorrect invoices, even an "intentional" failure to do so. Jackson cannot convert its breach of contract claim into a UDTP claim simply by making conclusory claims of deception and misrepresentation. *See US LEC Commc'ns, Inc. v. Qwest Commc'ns Corp.*, No. 3:05-CV-00011, 2006 WL 1367383, at *3 (W.D.N.C. May 15, 2006). Otherwise, nearly all contractual disputes would too easily be transformed into UPTP actions, contrary to well settled North Carolina law. Accordingly, Jackson's allegations do not constitute substantial aggravating circumstances and its second counterclaim fails to state a claim under North Carolina's Unfair and Deceptive Practices Act.

## IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Plaintiff's Partial Motion to Dismiss (Doc. No. 15) is **GRANTED;**
2. Defendant's second counterclaim alleging a violation of North Carolina's Unfair and Deceptive Practices Act is dismissed; and

7

Case 3:22-cv-00229-KDB-DCK   Document 21   Filed 10/06/22   Page 7 of 8

3. This case shall proceed to trial on the merits of the parties' remaining breach of contract claims in the absence of a voluntary resolution of the dispute among the parties.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: October 6, 2022

*/s/ Kenneth D. Bell*

Kenneth D. Bell
United States District Judge